UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENESIS BEY,

Plaintiff,

-against-

TROUTMAN & SANDERS, LLP; and HOBBS
INCORPORATED,

Defendants.

19-CV-5013 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this civil action under the Hobbs Act, 18 U.S.C.

§ 1951(b)(2), a criminal statute. He alleges that Defendants prevented him from engaging in

interstate commerce. By order dated June 11, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the

Court dismisses the action for failure to state a claim.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

**BACKGROUND**

Plaintiff, a New York resident, brings this action against Troutman & Sanders LLP (Troutman), a New York law firm, and Hobbs Incorporated (Hobbs), a building design firm in the New York area. He claims that his "private right to move the commercial activity of [his] estate is being obstructed by the listed corporate entities." (Compl. at 2.) He alleges that he has

> a recording from a representative from Hobbs . . . stating that Troutman . . . copywrite [sic] [his] corporate 25 years ago. This proves both companies have been profiting using the energy of this estate. The Hobbs Corporate has a 100 million dollar lein [sic] as well as a 500,000 copywrite for each use of the Hobbs surname.

(*Id.* at 5.) Plaintiff also alleges that "this crime has resulted in creating the situation of homelessness for [him]." (*Id.* at 6.) He requests mediation to resolve the issue or a jury trial to prove his case.

**DISCUSSION**

Plaintiff seeks this Court's intervention in his dispute with Defendants, claiming that they violated a criminal statute. But Plaintiff cannot initiate the arrest and prosecution of any individual or entity in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Plaintiff also cannot bring a private right of action under the Hobbs Act. *See, e.g.*, *Campbell v. Austin Air Sys., Ltd.*, 423 F. Supp. 2d 61, 72 (W.D.N.Y. 2005) (noting that "federal courts have consistently found that the Hobbs Act does not support a private cause of action");

*John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (noting that "[t]here is no implied private cause of action under the Hobbs Act").

To the extent Plaintiff seeks to bring an action under the civil provision of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961(c), he fails to state a claim that Defendants acted as an enterprise or engaged in any racketeering activity. To state a civil RICO claim, Plaintiff must plead that he was injured by "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The complaint does not suggest that any such activity took place.

Accordingly, the Court dismisses Plaintiff's complaint, brought under the Hobbs Act, for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies as moot Plaintiff's request to add additional parties (ECF No. 13).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    July 8, 2019
               New York, New York

COLLEEN McMAHON
Chief United States District Judge